UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Mary Hersey

    v.                                                               Civil No. 10-cv-486-LM

WPB Partners, LLC


**O R D E R**

Mary Hersey filed a petition in the New Hampshire Superior Court seeking to enjoin a foreclosure sale scheduled for September 22, 2010, and asking for an accounting.  By order dated September 20, 2010, the Superior Court "postponed" the foreclosure sale "until after the merits are heard and decided." Certified Record (document no. 3, hereinafter "CR") 32.  In so ruling, the court determined that Hersey had shown a likelihood of success on the merits of a breach of contract claim against WPB Partners, LLC ("WPB").  See CR 31.  Thereafter, WPB removed the case to this court, asserting diversity jurisdiction.  See 28 U.S.C. § 1332.  Accordingly, the Superior Court stayed all proceedings in the case.  See CR 4.

Before the court is WPB's motion to dismiss for failure to state a claim upon which relief can be granted.  See Fed. R. Civ. P. 12(b)(6).  Specifically, WPB argues that under the pleading standard articulated in Bell Atlantic Corp. v. Twombly,

550 U.S. 544 (2007) and Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), Hersey has failed to allege facts sufficient to support claims for breach of contract, violation of New Hampshire R.S.A. 397-A, or predatory lending.  For her part, Hersey concedes that "she has not specified facts sufficient to [support] these claims," Pl.'s Resp. (document no. 9) ¶ 12, explaining that she "has not yet alleged any causes of action of breach of contract, violations of NH RSA 397-A and, predatory lending," id.

Given Hersey's disavowal of the three claims WPB says she has failed to adequately allege, WPB's motion to dismiss (document no. 4) is denied as moot.  That said, however, Hersey's response to WPB's motion to dismiss raises another issue, i.e., the court's subject matter jurisdiction over this case.

"Because federal courts are powerless to act in the absence of subject matter jurisdiction, [this court has] an unflagging obligation to notice jurisdictional defects and pursue them on [its] own initiative."  United States v. Pomales-Lebrón, 513 F.3d 262, 269 (1st Cir. 2008) (quoting Espinal-Dominguez v. Pureto Rico, 352 F.3d 490, 495 (1st Cir. 2003)).  In its Notice of Removal, WPB asserted that this court has jurisdiction on the basis of diversity, pursuant to 28 U.S.C. § 1332.  It based that assertion, in part, on its reasonable understanding – given the Superior Court order granting Hersey an injunction – that Hersey

was seeking damages in excess of seventy-five thousand dollars for breach of contract.  That understanding, however, is thrown into serious doubt by Hersey's current argument – supported by her initial pleading in the Superior Court – that she seeks only two forms of relief, an injunction against the September 22, 2010, foreclosure sale (which has already been granted) and an order requiring WPB to provide her with an accounting.  Given Hersey's initial framing of her case, and her recent reaffirmation thereof, it is difficult to see how the amount-in-controversy requirement is satisfied.  Accordingly, WPB has thirty (30) days from the date of this order to show cause why this action should not be remanded back to the Superior Court for lack of subject matter jurisdiction.  <u>See</u> 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

    **SO ORDERED.**

                                                            _____
                                                            Landya B. McCafferty
                                                            United States Magistrate Judge

Date:  January 5, 2011

cc:  Lexie Rojas, Esq.
     Christopher J. Seufert, Esq.
     Christopher J. Somma, Esq.